**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

RAMONA MCDOWELL AND
CLIFF MCDOWELL                                          CIVIL ACTION

VERSUS                                                  17-1712-SDD-RLB

WAL-MART STORES, INC. et al

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Defendant Walmart, Inc. ("Walmart"). Plaintiff, Ramona McDowell ("McDowell"), has filed an *Opposition*[2] to this motion, to which Walmart filed a *Reply*.[3] For the reasons that follow, Walmart's motion shall be GRANTED.

### I. FACTUAL BACKGROUND

Ramona McDowell went shopping for groceries at the Cortana Place Walmart Store in Baton Rouge, Louisiana on March 31, 2016.[4] Accompanied by her granddaughter, Victoria Richmond ("Richmond"), she walked down Aisle 22 to get a box of crackers.[5] McDowell alleges that after grabbing the crackers she wanted, she took a step toward her shopping cart and slipped on a "puddle of liquid,"[6] falling to the floor.[7] Per

---

[1] Rec. Doc. No. 18.
[2] Rec. Doc. No. 19
[3] Rec. Doc. No. 29.
[4] Rec. Doc. No. 1-2, Rec. Doc. No. 18-3 (Deposition of Ramona McDowell), p. 12, lines 15-16.
[5] Rec. Doc. No. 18-3, p. 11, p. 15.
[6] Rec. Doc. No. 1-2, p. 1.
[7] Rec. Doc. No. 18-3, p. 20, lines 23-25.
49324

McDowell, the fall resulted in "severe injuries to her knee"[8] for which Walmart is liable.

In its *Motion for Summary Judgment*, Walmart argues that McDowell "cannot put forth any evidence to fulfill [her] burden of proof at trial to show Walmart created or had actual or constructive knowledge of an unreasonably dangerous condition on the premises."[9] McDowell opposes the motion by introducing surveillance footage of Aisle 22 on the day of the accident, contending that the video shows a Walmart employee walk past the aisle thirty seconds before McDowell's fall. McDowell argues that, because no other customers are seen entering the aisle during those thirty seconds, and because there were no frozen or wet products on the aisle that could have caused water to be on the floor, the video footage compels the conclusion that "the water must have existed when the Walmart employee passed"[10] the aisle. Therefore, she suggests, summary judgment is inappropriate because there are genuine issues of material fact regarding "how long the water was on the floor and whether Walmart employees exercised reasonable care."[11]

In its *Reply*, Walmart cites several recent Fifth Circuit cases where the court held that surveillance video evidence of the kind McDowell offers cannot create a genuine issue of material fact because it is inherently speculative and requires the court to make inappropriate temporal inferences.[12] After reviewing the arguments and exhibits of both parties and the relevant jurisprudence, this Court concludes that summary judgment in favor of Walmart is proper because, in light of the Fifth Circuit precedent regarding video

---

[8] Rec. Doc. No. 19, p. 1.
[9] Rec. Doc. No. 18, p. 1.
[10] Rec. Doc. No. 19, p. 3.
[11] Rec. Doc. No. 19, p. 8.
[12] Rec. Doc. No. 29, pp. 1-2.
49324

evidence, McDowell lacks specific evidence to support her claim that Walmart had constructive notice of the wet floor that she alleges caused her fall.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[14] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[15] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[16] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[17]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[18] All reasonable factual

---

[13] Fed. R. Civ. P. 56(a).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[15] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[16] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[17] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[18] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting
49324

inferences are drawn in favor of the nonmoving party.[19] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[20] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[21]

### B. The Louisiana Merchant Liability Statute - La. R.S. 9:2800.6

This matter is governed by the Louisiana Merchant Liability Statute,[22] which provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

---

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[19] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[20] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[21] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[22] The matter is before the Court based on diversity of citizenship; thus, the Court must apply the substantive law of Louisiana to the facts of this case. In applying and interpreting Louisiana law, this Court looks to final decisions of the Louisiana Supreme Court for guidance under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Walmart asserts that it is entitled to summary judgment because McDowell has failed to carry her burden, as set forth in subsection (A)(2), of establishing that Walmart either created or had constructive or actual notice of the hazardous condition before her fall. McDowell does not argue that Walmart *caused* the wet floor condition or that Walmart had actual notice. Her *Opposition* is limited to the issue of constructive notice; this Court's *Ruling* will follow suit.

La. R.S. 2800.6(C)(1) defines constructive notice as follows:

> "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

Importantly, "[c]ourts will not infer constructive notice; the claimant must make a positive showing of the existence of the condition prior to the fall and that it existed for some period of time."[23] Louisiana courts have repeatedly held that summary judgment on a plaintiff's claim is appropriate where the plaintiff makes no evidentiary showing that the damage-causing condition existed for some period of time before the accident.[24] According to Walmart, McDowell makes no such showing because she "does not have factual support essential to her claim that Walmart had constructive notice of the presence of any foreign

---

[23] *Courington v. Wal-Mart Louisiana LLC*, No. 2:17-00771, 2018 WL 707521 at *3 (W.D. La. Feb. 2, 2018)(citations omitted).
[24] See, *e.g.*, *Oster v. Winn-Dixie Louisiana, Inc.*, 04-117 (La. App. 5 Cir. 8/31/04), 881 So. 2d 1257, 1261, writ denied sub nom. *Oster v. Winn Dixie Louisiana, Inc.*, 2004-2414 (La. 12/17/04), 888 So. 2d 867.
49324

substance on the floor prior to her fall."[25] For example, Walmart notes, McDowell testified at her deposition that she did not know where the water in Aisle 22 came from or how it ended up on the floor ("Q: Any idea how it got there? A: I have no idea. I don't work there").[26] When asked if she knew whether "any Walmart employee knew that there was water on the floor and failed to clean it up before your incident, McDowell answered, "I don't know."[27] Likewise, McDowell's granddaughter testified that she did not know how long the liquid was on the floor or how it ended up there.[28] Both women testified that there were no Walmart employees in Aisle 22 at the time of McDowell's fall.[29] This Court concurs with Walmart that the above-quoted deposition testimony does not establish that the "puddle of liquid" existed for any specific period of time before McDowell's fall.

To prevent summary judgment, McDowell must identify specific evidence in the record to support her claim that Walmart had constructive notice. To that end, McDowell's *Opposition* includes a section entitled "Proof of Constructive Notice in This Case." The proof offered by McDowell is surveillance footage that, she purports, establishes the "presence of Walmart employees"[30] in the area of the allegedly wet floor before the spill. Specifically, she argues, the video shows that "there was at least one employee in the area with an opportunity to discover the spill,"[31] and that the video shows that "there is no indication that he checked [Aisle 22] for hazards," "even though [he] is seen walking adjacent to Aisle 22 immediately prior" to McDowell's fall.[32] Based on that footage,

---

[25] Rec. Doc. No. 18-1, p. 11.
[26] Rec. Doc. No. 18-3, p. 24, lines 19-20.
[27] Rec. Doc. No. 18-3, p. 25, lines 1-4.
[28] Rec. Doc. No. 18-3, p. 33-34.
[29] Rec. Doc. No. 18-3, p. 12, lines 12-13; Id. at p. 30, lines 16-19.
[30] Rec. Doc. No. 19, p. 8.
[31] Rec. Doc. No. 19, p. 8.
[32] Rec. Doc. No. 19, p. 10.
49324

McDowell says, "the only appropriate summary judgment conclusion is that the water on the floor existed when [the employee] passed by, but he failed to discover it."[33]

Unfortunately for McDowell, Walmart in its *Reply* identifies several recent Fifth Circuit cases where the court held that drawing such a conclusion from surveillance video evidence is impermissible. For example, in *Adams v. Dolgencorp, L.L.C.,* the plaintiff introduced surveillance video footage of the aisle where she slipped in spilled lotion, arguing that the video showing "employees' presence in the immediate vicinity of the spilled lotion [gave] rise to an inference of constructive notice."[34] The Fifth Circuit disagreed, explaining that "[h]ere, where the footage does not show the substance nor the area of the floor on which the substance was spilled, we conclude the temporal inference Adams seeks to draw from the footage would be inappropriate."[35] This Court has reviewed McDowell's surveillance video and finds that here, as in *Adams*, the footage does not show the spilled substance or even the area of the floor where she alleges the spill existed.

Similarly, in *Taylor v. Wal-Mart Stores, Inc.*,[36] the plaintiff sought to prove that Walmart had constructive notice of a wet floor condition by introducing a surveillance video that showed "a continuous flow of shoppers and buggies going through"[37] the area where she slipped and fell. The district court granted summary judgment and the Fifth Circuit affirmed, quoting approvingly from the district court's opinion, an opinion that

---

[33] *Id.* McDowell also argues that the video proves that "no Wal-Mart employee walked down Aisle 22 for at least an hour prior to the fall." This statement further undercuts her attempt to argue that a Walmart employee was in a position to become aware of the clear liquid on the floor in that aisle.
[34] *Adams v. Dolgencorp, L.L.C.*, 559 F. App'x 383, 386 (5th Cir. 2014).
[35] *Id.*
[36] 464 F. App'x 337 (5th Cir. 2012).
[37] *Id.* at 338.
49324

applies with equal force to the surveillance video offered by McDowell in the case at bar:

> The video merely shows the passage of time and lacks any visual evidence of a wet substance on the floor. The video does not show someone or something creating the wet substance; it does not show others slipping or avoiding the area; it shows no one making a failed attempt to clean or secure the area. To conclude what the plaintiff asks would require this court to draw a series of impermissible inferences unsupported by this summary judgment record.[38]

Louisiana courts have held that, "[t]hough the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall."[39] McDowell asks this Court to infer that time period based on circumstantial evidence and video evidence of a type that the Fifth Circuit has held is too speculative to defeat summary judgment. Indeed, McDowell's deposition testimony shows that she answered "I don't know" when asked whether any Walmart employee knew about the spill before her fall.[40] Overall, McDowell is unable to point to any evidence that tends to establish Walmart's constructive notice, or even establish a specific time period for the existence of the spill that might allow this Court to infer such notice.

In light of the Fifth Circuit precedent discussed above, McDowell's argument that "[c]onstructive notice in this case is established through the video evidence alone"[41] fails. As such, this Court does not reach McDowell's argument with respect to La. R.S. 9:2800.6(3), namely, that "Walmart personnel failed to act reasonably and fulfill Walmart's

---

[38] *Id.* at 339.
[39] *Demouy v. Sam's Wholesale, Inc.,* 2010-2295 (La. App. 1 Cir. 6/10/11).
[40] See *supra*, p. 6.
[41] Rec. Doc. No. 19, p. 4.

49324

policies for monitoring aisles."[42] To succeed in a claim under the Louisiana Merchant Liability Statute, the claimant bears the burden of proving all of the subparts, including notice. Because McDowell has not proven that notice, Walmart's reasonable care or lack thereof is not at issue.

Accordingly, because the Court finds that McDowell has failed to make an evidentiary showing that Walmart had constructive notice of the allegedly wet floor as required under the Louisiana Merchant Liability Statute, summary judgment shall be GRANTED in favor of Walmart.

## III. CONCLUSION

For the foregoing reasons, the *Motion for Summary Judgment*[43] filed by Defendant is GRANTED. Plaintiffs' claims are hereby dismissed with prejudice; *Judgment* will be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>August 15, 2019</u>.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[42] *Id.*
[43] Rec. Doc. No. 11.
49324